Case 1:91-cv-00166 Document 264 Filed in TXSD on 01/13/1999 Page 1 of 2

264

United States District Court
Southern District of Texas
ENTERED

JAN 14 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

TEXAS MUNICIPAL LEAGUE *
GROUP BENEFITS RISK POOL *
ET AL *
*
VS. * CIVIL ACTION
* NO. B-91-166
HARTFORD LIFE AND ACCIDENT *
INSURANCE COMPANY AND HARTFORD *
FIRE INSURANCE COMPANY *

MEMORANDUM OPINION AND ORDER RE ATTORNEYS FEES

The City of Beaumont seeks attorneys' fees from Hartford, under Section 38.001 et seq., Texas Civil Practice and Remedies Code. The claim is apparently asserted under § 38.001 authorizing recovery of reasonable attorneys' fees "if the claim is for ...(8) an oral or written contract." Among Hartford's responses is the assertion that § 38.006 prohibits Beaumont from recovering attorneys' fees for breach of an insurance contract. "This chapter does not apply to a contract issued by an insurer that is subject to the provisions of...(4) article 21.21, Insurance Code..." Beaumont has consistently taken the position that the contract sued upon was an insurance contract under § 21.21 and the Court specifically found in its opinion of June 26, 1998, that no violation of § 21.21 had occurred.

ClibPDF - www.fastio.com

Section 21.21 has its own provision for awarding attorneys fees and since no violation of § 21.21 was found, attorneys' fees cannot be awarded under that provision. Hence the exception in § 38.006 applies and no attorneys' fees are authorized. Thus, the Petition therefore is DENIED.

SO HELD.

Done at Brownsville, Texas, this 13th day of January 1999.

1/13/99

Stewart A. Newblatt
United States District Judge

Attorney Assignment

ClibPDF - www.fastio.com