IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 14 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| TEXAS MUNICIPAL LEAGUE GROUP BENEFITS RISK POOL, ET AL * * * | |
| VS.  * * | CIVIL ACTION NO. B-91-166 |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AND HARTFORD FIRE INSURANCE COMPANY * * * | |

## MEMORANDUM OPINION AND ORDER

## AS TO PRE-JUDGMENT INTEREST

Hartford has taken the position that the agreed rate for pre-judgment interest is 6% per annum and interest is simple. This is supported by § 302.002 of the Texas Finance Code which also provides that such interest is "allowed on all accounts and contracts ascertaining the amount payable beginning on the 30th day after the date on which the amount is due and payable." Hartford says Beaumont failed to prove any date certain from which pre-judgment interest runs, and thus claims it should run 30 days after it filed its answer denying liability. Citing Texas decisions holding that "where an insurer denies liability under the terms of an insurance policy where no payment date is stated in the policy and thereafter the insured establishes the insurer's liability pursuant to the policy, pre-judgment interest will commence from the date the insurer denied liability.

1

An examination of the cases under this statute as cited in Vernon's Texas Code Annotated indicates that if the damages are ascertainable, then interest should commence from that date. Here the damages were ascertainable as of September 30, 1987 because they were determined by the claims filed, but not paid by that date. After hearing the trial evidence, clearly 30 days after they were received would be sufficient time to process these claims. Hence interest is awarded from and after October 30, 1987.

SO ORDERED.

Done at Brownsville, Texas, this 13th day of January 1999.

_____
Stewart A. Newblatt
United States District Judge

2