267

United States District Court
Southern District of Texas
ENTERED

JAN 14 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| TEXAS MUNICIPAL LEAGUE GROUP BENEFITS RISK POOL, ET AL | * * * |
| VS. | * CIVIL ACTION * NO. B-91-166 |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AND HARTFORD FIRE INSURANCE COMPANY | * * * |

## MEMORANDUM AND OPINION AND ORDER RE: POST TRIAL PLEADINGS RELATING TO THE CITY OF PASADENA

The issues that remain to be decided before we come to the end of this arduous trek through the history of TML, Hartford and various Texas municipalities are reflected in the following matters in the court file:

1)  Request to Enter Judgment (Movant Pasadena - 4/9/96)

2)  Hartford's Response to Pasadena's Request to Enter Judgment (4/26/98)

3)  Motion for New Trial (1/21/98)

4)  Hartford Life and Accident Insurance Company's and Hartford Fire Insurance Company's Response to Pasadena's Motion for New Trial (2/4/98)

5)  Reply to Hartford's Response to Pasadena's Motion for New Trial (2/20/98

6)  Hartford Life and Accident Insurance Company's and Hartford Fire Insurance Company's Rejoinder Regarding Pasadena's Motion for New Trial (2/24/98)

7)  Objection to Hartford's Counsel Drawing Memorandum and Judgment and Renewed Request for New Trial (6/2/98)

1

8) Objections to Findings of Fact and Conclusions of Law (6/26/98)

9) Judgment [Submitted by Hartford] (6/23/98)

10) Affidavit [Barry A. Chasnoff] (6/23/98)

11) Objection to Affidavit of Barry a Chasnoff and Proposed Order (6/26/98)

12) Letter dated 6-26-98 to Honorable Stewart A. Newblatt from John F. Morehead

13) Judgment [Submitted by Pasadena] (July '98)

14) Hartford Life and Accident Insurance Company's and Hartford Fire Insurance Company's Response to Pasadena's Proposed Judgment and Objections to Hartford's Attorneys' Fees and Proposed Findings (7/16/98)

15) Letter dated 7-28-98 to Honorable Stewart A. Newblatt from John F. Morehead

16) Letter dated 8-6-98 to Honorable Stewart A. Newblatt from John F. Morehead enclosing proposed Memorandum and Order

17) Hartford Life and Accident Insurance Company's and Hartford Fire Insurance Company's Reply to Pasadena's Letter Brief Regarding Proposed Judgment (8/13/98)

The claims of the City of Pasadena against Hartford were tried. When Pasadena rested, Hartford made a motion for a judgment in its favor. The Court, having fully heard Pasadena and finding that Pasadena could not prevail (i.e., meet its burden of proof), authorized the entry of judgment in favor of Hartford. Rule 52(c), F.R.Civ.P. The basis of the ruling, brief as it was, was that Pasadena could not maintain its claim without a favorable ruling on that issue.

A brief resume of the background for that ruling would permit a better understanding of the rulings to come.

2

In the years before Pasadena contracted with Hartford, Pasadena had a very bad experience in administering the health and medical program for its employees and therefore, had contracted with "SEMS" to help administer the program and make sure the preferred care providers were properly billing the program the discounted price of their services. After discovering that the City of Pasadena had not been getting the discounts it had negotiated and expected to receive from the providers, through SEMS, a new arrangement was entered into where the providers would charge a fixed fee for certain procedures and services.

Hartford entered the picture as the claims payer for the City of Pasadena under an administrative services contract, but the City of Pasadena remained self-insured. The contract between Pasadena and Hartford did, however, contain "individual stop loss" (ISL) and "aggregate stop loss" (ASL) provisions which required Hartford to assume and pay costs of individuals above a certain amount and aggregate costs of all benefits above a certain amount.

After the new fee arrangements were made and following Hartford's entry into the picture, the providers were to bill their full charges and the payer, Hartford was to apply the discounted fee schedule to the bills and pay only the discounted amount.

While intentions were good, this never happened. Hartford claims it was never notified of the new arrangement and schedule

3

and that non-discounted bills would be submitted. As a result, non-discounted bills were paid in full by Hartford. It is this overpayment of the non-discounted bills that was tried before the Court. The issue was who was legally responsible for the overpayment.

Pasadena rested after fully presenting its case and in response to Hartford' motion, the Court stated: "The motion with regard to the double billing is granted based upon the --- I'm sorry. On the discounts not taken are based upon the failure of the proof to establish the -- that there was any knowledge on the part of Hartford of the arrangement made and that it was not Hartford's obligation to ascertain it."

It could not be stated much clearer -- there was insufficient evidence that Hartford had ever been advised of the new arrangement and discount schedule. Hence Hartford had no reason whatever to assume that they were now getting non-discounted bills to which it was to apply the negotiated discounts.

Accordingly in the terms of Rule 52, F.R.Civ.P., Pasadena could not sustain its cause of action without proof that Hartford was aware of the new arrangement. Pasadena's claim that inadequate findings of fact were made and/or a new trial should be granted is DENIED. Both the ruling and the factual basis therefor were clear.

Subsequent to the ruling on the Motion, Hartford sought to have a judgment entered in its favor and against Pasadena for the

4

excess ISL and ASL payments it had made because it was not aware of the new fee arrangement made on behalf of the City by CAPPCare (the new name for SEMS). Pasadena objects claiming it had not been pleaded and is therefore inappropriately asserted now. Hartford responds by pointing out in the pleadings where the issue was timely raised, and that the expressed intention of the parties was that all of the plaintiffs' claims would be dealt with before counter claims would be argued or presented. Hartford is correct in this. Further, Hartford relied on the evidence presented in Pasadena's claim to support its counterclaim and therefore offered no additional evidence.

Because both Hartford and Pasadena suffered by Hartford's payment of the non-discounted bills, they are in the same position-- having relied on CAPPCare to arrange a new deal with providers and properly communicate that new arrangement to Hartford. The evidence is clear that the failure to communicate and follow up the new arrangement, make certain it was put into effect and properly applied was CAPPCare's failure. It is and has been Hartford's position that SEMS' duties were to solicit health care providers to participate in a preferred provider network (Hartford's contention #236), administer Pasadena's health care plan, and monitor the effectiveness of the PPO; that is, to insure that cost savings were achieved and bills paid according to the contracts. (Hartford's contention #237). Pasadena's employees say CAPPCare had the responsibility to send the information about the new arrangement to Hartford, (Hartford's

5

contention #255) but never did. Hartford contends that the program broke down because of CAPPCare's failure to monitor it properly and communicate the terms of the new program to Hartford, and in not monitoring the tape of claims paid which was furnished by Hartford to CAPPCare.

The evidence does not establish the precise terms of the contract relationship between the City of Pasadena and CAPPCare. The evidence also fails to establish whether CAPPCare was an independent contractor like Hartford or an agent of the City. Moreover there is no showing that the City of Pasadena was negligent in contracting with CAPPCare and in relying on CAPPCare to perform and notify Hartford of appropriate information.

The Court finds that the City of Pasadena was not negligent; and that any negligence shown was that of CAPPCare and there is nothing in the record upon which to legally attribute CAPPCare's negligence to the City of Pasadena.

Accordingly, the Court finds that Hartford has failed to sustain its burden of establishing the City's responsibility for CAPPCare's negligence and a judgment of no cause for action is to be entered on both the claim of the City of Pasadena against Hartford and the counterclaim of Hartford against the City of Pasadena.

Hartford also seeks attorney fees in pursuing its counter-claim and in defending Pasadena's claims against it. The Court finds that awarding attorneys' fees as requested would be inappropriate and unjust under these circumstances and declines

to do so. It is just that each party bear its own attorneys fees inasmuch as each has lost its claim. To the extent Hartford seeks attorneys fees as a sanction under Rule 11, F.R.Civ.P., the Court finds no violation of Rule 11, and the sanctions are denied.

The parties are directed to submit proposed judgments embodying these rulings on or before the 28th day of January, 1999. The Court is unaware of any reason why the form of the judgments cannot be stipulated without waiving any right to object to, or appeal from, the substance.

Any and all motions and other unruled upon matters shall be denied as moot unless specifically called to the Court's attention in writing by the above stated date.

It is so Ordered.

Done at Brownsville, Texas this 13th day of January, 1999.

_____, 1/13/99
Stewart A. Newblatt
United States District Judge
Sitting on Assignment